UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JANE DOE,      :

                 Plaintiff,    :

      -against-              :

JOHN ROE,      :

               Defendant.   :

------------------------------------------------------------X

Civil Action No. 17-civ-6029

**ANSWER AND
COUNTERCLAIM**

Defendant John Roe ("Defendant") by his attorneys, Morrison Cohen LLP, as and for his Answer to Plaintiff Jane Doe's Complaint ("Complaint"), alleges as follows:

## THE PARTIES

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2.      Admits the allegations set forth in paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Denies the allegations set forth in paragraph 3 of the Complaint, except admits that the Court has jurisdiction over Plaintiff's claims and that Defendant is a resident and domiciliary of the State of New York.

4.      Admits the allegations set forth in paragraph 4 of the Complaint.

## OPERATIVE FACTS

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Denies the allegations set forth in paragraph 21 of the Complaint, except admits Beef & Brew was a popular local restaurant in Geneva, New York.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Denies the allegations set forth in paragraph 30 of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     Denies the allegations set forth in paragraph 32 of the Complaint, except admits that Plaintiff and Defendant had never seen each other before October 29, 2016.

33.     Denies the allegations set forth in paragraph 33 of the Complaint.

34.     Denies the allegations set forth in paragraph 34 of the Complaint.

35.     Denies the allegations set forth in paragraph 35 of the Complaint.

36.     Denies the allegations set forth in paragraph 36 of the Complaint.

37.     Denies the allegations set forth in paragraph 37 of the Complaint.

38.     Denies the allegations set forth in paragraph 38 of the Complaint.

39.     Denies the allegations set forth in paragraph 39 of the Complaint.

40.     Denies the allegations set forth in paragraph 40 of the Complaint.

41.     Denies the allegations set forth in paragraph 41 of the Complaint.

42.     Denies the allegations set forth in paragraph 42 of the Complaint.

43.     Denies the allegations set forth in paragraph 43 of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

45.     Denies the allegations set forth in paragraph 45 of the Complaint.

46.     Denies the allegations set forth in paragraph 46 of the Complaint.

47.     Denies the allegations set forth in paragraph 47 of the Complaint.

48.     Denies the allegations set forth in paragraph 48 of the Complaint, except admits that Plaintiff and Defendant consensually locked arms.

49.     Denies the allegations set forth in paragraph 49 of the Complaint.

50.     Denies the allegations set forth in paragraph 50 of the Complaint.

51.     Denies the allegations set forth in paragraph 51 of the Complaint, except admits Plaintiff and Defendant arrived at Defendant's dorm room located in HWS' O'Dells building.

52.     Denies the allegations set forth in paragraph 52 of the Complaint.

53.     Denies the allegations set forth in paragraph 53 of the Complaint.

54.     Denies the allegations set forth in paragraph 54 of the Complaint.

55.     Denies the allegations set forth in paragraph 55 of the Complaint.

56.     Denies the allegations set forth in paragraph 56 of the Complaint.

57.     Denies the allegations set forth in paragraph 57 of the Complaint, except admits that Plaintiff and Defendant engaged in consensual sexual intercourse.

58.     Denies the allegations set forth in paragraph 58 of the Complaint.

59.     Denies the allegations set forth in paragraph 59 of the Complaint.

60.     Denies the allegations set forth in paragraph 60 of the Complaint.

61.     Denies the allegations set forth in paragraph 61 of the Complaint.

62.     Denies the allegations set forth in paragraph 62 of the Complaint, except admits Plaintiff and Defendant engaged in consensual sexual intercourse which included Defendant vaginally penetrating Plaintiff with his condom-protected penis.

63.     Denies the allegations set forth in paragraph 63 of the Complaint.

64.     Denies the allegations set forth in paragraph 64 of the Complaint.

65.     Denies the allegations set forth in paragraph 65 of the Complaint.

66.     Denies the allegations set forth in paragraph 66 of the Complaint.

67.     Denies the allegations set forth in paragraph 67 of the Complaint, except admits Plaintiff and Defendant engaged in consensual sexual intercourse which included Plaintiff performing fellatio on Defendant and Defendant ejaculated in Plaintiff's mouth.

68.     Denies the allegations set forth in paragraph 68 of the Complaint.

69.     Denies the allegations set forth in paragraph 69 of the Complaint.

70.     Denies the allegations set forth in paragraph 70 of the Complaint.

71.     Denies the allegations set forth in paragraph 71 of the Complaint.

72.     Denies the allegations set forth in paragraph 72 of the Complaint.

73.     Denies the allegations set forth in paragraph 73 of the Complaint.

74.     Admits the allegations set forth in paragraph 74 of the Complaint.

75.     Denies the allegations set forth in paragraph 75 of the Complaint.

76.     Denies the allegations set forth in paragraph 76 of the Complaint.

77.     Denies the allegations set forth in paragraph 77 of the Complaint.

78.     Denies the allegations set forth in paragraph 78 of the Complaint.

79.     Denies the allegations set forth in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint, except admits Plaintiff asked him if he had used a condom and Defendant confirmed that he did.

#7465156 v3 \026387 \0001

81.     Denies that he was Plaintiff's "attacker" and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

86.     Denies the allegations set forth in paragraph 86 of the Complaint.

87.     Denies the allegations set forth in paragraph 87 of the Complaint.

88.     Denies the allegations set forth in paragraph 88 of the Complaint.

89.     Denies the allegations set forth in paragraph 89 of the Complaint.

90.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91.     Denies the allegations set forth in paragraph 91 of the Complaint.

92.     Denies the allegations set forth in paragraph 92 of the Complaint.

93.     Denies the allegations set forth in paragraph 93 of the Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the Complaint.

95.    Denies the allegations set forth in paragraph 95 of the Complaint.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97.    Denies the allegations set forth in paragraph 97 of the Complaint.

98.    Denies the allegations set forth in paragraph 98 of the Complaint.

99.    Denies the allegations set forth in paragraph 99 of the Complaint.

100.    Denies the allegations set forth in paragraph 100 of the Complaint.

## CAUSES OF ACTION

## AS AND FOR A FIRST CAUSE OF ACTION

101.    Defendant repeats and realleges his response to the prior paragraphs with the same force and effect as if set forth at length herein.

102.    No response is necessary as Plaintiff has withdrew this cause of action pursuant to a letter to the Court dated October 19, 2017 (ECF Doc. No. 14) and a Stipulation dated October 31, 2017.

103.    No response is necessary as Plaintiff has withdrew this cause of action pursuant to a letter to the Court dated October 19, 2017 (ECF Doc. No. 14) and a Stipulation dated October 31, 2017.

104.    No response is necessary as Plaintiff has withdrew this cause of action pursuant to a letter to the Court dated October 19, 2017 (ECF Doc. No. 14) and a Stipulation dated October 31, 2017.

105.    No response is necessary as Plaintiff has withdrew this cause of action pursuant to a letter to the Court dated October 19, 2017 (ECF Doc. No. 14) and a Stipulation dated October 31, 2017.

#7465156 v3 \026387 \0001

## AS AND FOR A SECOND CAUSE OF ACTION

106.    Defendant repeats and realleges his response to the prior paragraphs with the same force and effect as if set forth at length herein.

107.    No response is necessary as Plaintiff has withdrew this cause of action pursuant to a letter to the Court dated October 19, 2017 (ECF Doc. No. 14) and a Stipulation dated October 31, 2017.

108.    No response is necessary as Plaintiff has withdrew this cause of action pursuant to a letter to the Court dated October 19, 2017 (ECF Doc. No. 14) and a Stipulation dated October 31, 2017.

109.    No response is necessary as Plaintiff has withdrew this cause of action pursuant to a letter to the Court dated October 19, 2017 (ECF Doc. No. 14) and a Stipulation dated October 31, 2017.

110.    No response is necessary as Plaintiff has withdrew this cause of action pursuant to a letter to the Court dated October 19, 2017 (ECF Doc. No. 14) and a Stipulation dated October 31, 2017.

## AS AND FOR A THIRD CAUSE OF ACTION

111.    Defendant repeats and realleges his response to the prior paragraphs with the same force and effect as if set forth at length herein.

112.    Denies the allegations set forth in paragraph 112 of the Complaint.

113.    Denies the allegations set forth in paragraph 113 of the Complaint.

114.    Denies the allegations set forth in paragraph 114 of the Complaint.

115.    Denies the allegations set forth in paragraph 115 of the Complaint.

116.    Denies the allegations set forth in paragraph 116 of the Complaint.

#7465156 v3 \026387 \0001

117.    Denies the allegations set forth in paragraph 117 of the Complaint.

## AS AND FOR A FOURTH CAUSE OF ACTION

118.    Defendant repeats and realleges his response to the prior paragraphs with the same force and effect as if set forth at length herein.

119.    Denies the allegations set forth in paragraph 119 of the Complaint.

120.    Denies the allegations set forth in paragraph 120 of the Complaint.

121.    Denies the allegations set forth in paragraph 121 of the Complaint.

122.    Denies the allegations set forth in paragraph 122 of the Complaint.

123.    Denies the allegations set forth in paragraph 123 of the Complaint.

124.    Denies the allegations set forth in paragraph 124 of the Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

125.    Defendant repeats and realleges his response to the prior paragraphs with the same force and effect as if set forth at length herein.

126.    Denies the allegations set forth in paragraph 126 of the Complaint.

127.    Denies the allegations set forth in paragraph 127 of the Complaint.

128.    Denies the allegations set forth in paragraph 128 of the Complaint.

129.    Denies the allegations set forth in paragraph 129 of the Complaint.

130.    Denies the allegations set forth in paragraph 130 of the Complaint.

131.    Denies the allegations set forth in paragraph 131 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

132.    The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

#7465156 v3 \026387 \0001

## SECOND AFFIRMATIVE DEFENSE

133.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any injury or damage as the result of any act, conduct or omission by Defendant.

## THIRD AFFIRMATIVE DEFENSE

134.    Plaintiff's claims are barred, in whole or in part, because Plaintiff consented to all physical contact described in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

135.    Defendant reserves all of his rights to add further affirmative defenses during the course of this proceeding upon discovery of additional facts or other good causes.

## COUNTERCLAIM

### NATURE OF COUNTERCLAIM

136.    Defendant, was a male undergraduate student at Hobart and William Smith Colleges ("HWS") in good standing and an active member of HWS' student community. In December 2016, Plaintiff, a female undergraduate student at HWS, falsely and maliciously, reported to HWS that Defendant had sexually assaulted her on campus on the evening of October 29 and October 30, 2016 -- an evening of consensual sexual intercourse.

137.    Having been irreparably harmed by false allegations of sexual assault, Defendant seeks damages to remedy emotional, mental, and economic caused by Plaintiff.

138.    Defendant did not sexually assault Plaintiff. Rather, on October 29 and October 30, 2016, Plaintiff consented to all relevant physical contact with Defendant. Among other things, the following actions by Plaintiff demonstrate that she consented to all contact with Defendant on October 29 and October 30, 2016:

> (a)    Plaintiff engaged in numerous, entirely coherent conversations with Defendant;

(b)   At no time did Plaintiff voice a desire to not be alone with Defendant or otherwise leave him;

(c)   Plaintiff voluntarily walked more than half a mile with Defendant from an off-campus party back to Defendant's on-campus dorm room;

(d)   Plaintiff admits that she was aware that she was walking back to Defendant's dorm room;

(e)   Once inside of Defendant's dorm room, Plaintiff removed her clothes, including her bra, herself;

(f)   Plaintiff assisted in removing Defendant's clothes;

(g)   Plaintiff orally indicated a willingness to engage in sexual contact with Defendant; and

(h)   Plaintiff admits that she engaged in oral sex with Defendant and such conduct was of her own volition.

139.   Upon information and belief, Plaintiff acted with malice when she falsely told HWS (and others) that Defendant sexually assaulted her.

140.   As stated above, Plaintiff orally lodged an official report with HWS on December 18, 2016 accusing Defendant of sexual assault.   Plaintiff repeated her false accusations multiple times in subsequent interviews with HWS representatives.   Plaintiff also falsely reported to HWS that Defendant stalked her in December 2016 and engaged in additional sexual misconduct. These counterclaims arise from Plaintiff's malicious and intentional conduct.

## THE PARTIES

141.   Defendant was and is a male citizen of the United States who resides in Westchester County, in the State of New York.

142.   Upon information and belief, Plaintiff was and is a female citizen of the United States who resides in the State of Connecticut.

#7465156 v3 \026387 \0001

## JURISDICTION AND VENUE

143.    This Court has jurisdiction over Defendant's counterclaims based on 28 U.S.C. ¶ 1332 because Defendant is a resident and domiciliary of the State of New York and Plaintiff is a resident and domiciliary of the State of Connecticut. Further, Defendant has been damaged in an amount to be determined at trial but in no event less than $75,000, exclusive of attorneys' fees, costs and expenses.

144.    Venue is proper in this case pursuant to 28 U.S.C. ¶ 1391(1) because Defendant resides in Westchester County, New York which is in the Southern District of New York.

## RELEVANT BACKGROUND

145.    In the Fall of 2016, Defendant was a junior at HWS. During the Fall semester, Defendant lived with three other male students on campus in a complex of apartment-like units called O'Dells Village ("O'Dells").

146.    On the evening of October 29, 2016, the Saturday of Halloween weekend, Defendants and his roommates hosted a small party in their O'Dells unit. During that party, Defendant consumed approximately five to seven 12 ounce beers.

147.    Defendant left O'Dells between 9:30 p.m. and 10:00 p.m. and ultimately decided to go to a party at an off-campus residence known as the "Soccer House."

148.    While attending the party at the Soccer House, Defendant consumed another 12 ounce beer.

149.    While talking to two other individuals, Defendant was approached by Plaintiff. Defendant and Plaintiff engaged in typical introductory small talk and soon started to kiss.

150.    After kissing at the party for approximately ten to fifteen minutes, Defendant and Plaintiff sat down on a couch and continued to talk.

151.    Later, Defendant heard that the party at the Soccer House was shutting down and many people were headed to a popular local downtown bar called the Beef and Brew. Plaintiff asked Defendant if he wanted to head downtown to the Beef and Brew. Defendant stated that he wanted to go back to his room at O'Dells and asked Plaintiff is she wanted to accompany him back to O'Dells. Plaintiff responded "yes."

152.    At no time during the party at the Soccer House did Defendant observe Plaintiff drinking alcohol.

153.    At all times during their interactions at the Soccer House, Defendant observed Plaintiff to be coherent. She was not slurring her speech or unable to hold a conversation.

154.    Defendant and Plaintiff then walked more than a half mile -- including steep staircases -- from the Soccer House to O'Dells. During that walk, Defendant and Plaintiff talked and passed numerous people.

155.    Upon arriving at Defendant's apartment unit at O'Dells, Plaintiff asked if she could use the bathroom. Plaintiff went into the bathroom for approximately five to ten minutes.

156.    After Plaintiff exited the bathroom, Plaintiff and Defendant again started to kiss. Plaintiff and Defendant laid down on Defendant's bed and continued to kiss.

157.    Plaintiff soon assisted Defendant in removing his clothes. Defendant also assisted Plaintiff in removing her clothes. Plaintiff removed her own bra.

158.    Defendant then performed oral sex on Plaintiff.

159.    Defendant stopped performing oral sex on Plaintiff and got up from the bed to put on a condom. Plaintiff then said to Defendant, "Wait." Defendant asked "What's up?" Plaintiff then repositioned herself on a pillow on the bed to make herself more comfortable and then said to Defendant, "Okay."

160.    Plaintiff and Defendant then engaged in vaginal intercourse. During vaginal intercourse, Defendant asked Plaintiff if she liked it and Plaintiff responded in the affirmative by saying "Uh huh."

161.    At a certain point during vaginal intercourse, the condom on Defendant's penis broke causing Defendant to pull out. Plaintiff removed the condom from Defendant's penis and then performed oral sex on Plaintiff until he ejaculated into her mouth.

162.    After sex, Plaintiff and Defendant engaged in more conversation while they both put their clothes back on.

163.    Two female students knocked on Defendant's door to inform him that one of his roommates was extremely intoxicated and needed assistance. The two female students were able to observe Plaintiff inside of Defendant's unit.

164.    After the two female students left, Defendant and Plaintiff kissed again. Thereafter, Plaintiff left O'Dells.

165.    While at O'Dells, Defendant did not observe Plaintiff drink alcohol at any time.

166.    Upon information and belief, on December 18, 2016, Plaintiff orally

reported to Susan Lee, HWS' Title IX[1] Coordinator, that Defendant had sexually assaulted and rape her on the evening of October 29, 2016 and into the early morning hours of October 30, 2016.

167.    Upon information and belief, Plaintiff also falsely alleged to HWS that Defendant had stalked her on December 4, 2016 at the Beef and Brew and allegedly brushed his genital area against her buttocks.

168.    While Defendant was at the Beef and Brew on December 4, 2017, he did not see Plaintiff that evening and denies intentionally making contact with her.

169.    Upon information and belief, on subsequent occasions, including an interview conducted by Skype on December 23, 2016 with HWS' hired investigator and a follow-up interview with that investigator conducted March 9, 2017, Plaintiff orally reported to HWS that Defendant sexually assaulted and raped her on the evening of October 29, 2016 and stalked her and made inappropriate sexual contact with her at the Beef and Brew on December 4, 2016.

170.    On December 26, 2016, HWS issued a formal written Notice of Investigation to Defendant stating that a formal Title IX investigation would take place.  The Notice of Investigation stated, in pertinent part, as follows:

> This letter serves as notice that this office has received a complaint from [Plaintiff], William Smith College (Complainant), alleging that you stalked her and sexually assaulted her in violation of the Colleges' Sexual Misconduct Policy ("the Policy").  Specifically, [Plaintiff] alleges that in your room in O'Dells at approximately 11:30 p.m. on October 29, 2016 you had oral sex (penis to mouth) and vaginal intercourse with her without her affirmative consent and while she was incapacitated.  Additionally, [Plaintiff] alleges that at approximately 1:00 a.m. on Sunday December 4, 2016 you

---

[1]    "Title IX" refers to Title IX of the Educational Amendments of 1972, 20 U.S.C. ¶ 1681, *et seq.*

stalked her when you followed her from room to room at the Beef and Brew restaurant/bar and then brushed your groin against her buttocks while walking behind her.

171.    The next months at HWS became a nightmare for Defendant. Upon information and belief, Plaintiff also told multiple students that Defendant had sexually assaulted and raped her. Defendant became an outcast on campus. Defendant was forced to endure "whispers" about him on campus. Defendant was asked to leave parties and/or campus functions for no reason. Defendant saw and felt disapproving stares from fellow students. All of this caused Defendant to socially isolate himself from the HWS community.

172.    As a result of Plaintiff's false accusations, Defendant's grades suffered, he had and continues to have problems sleeping and he suffered and continues to suffer from depression and anxiety. Defendant was forced to seek therapy and counseling.

173.    Defendant ultimately withdrew from HWS on the eve of the Title IX hearing. He now attends a less prestigious university and his graduation from college has been delayed significantly.

174.    Plaintiff's false and defamatory accusations caused Defendant to suffer significant economic harm including, without limitation:

(a)    Defendant's withdrawal from HWS on April 24, 2017 caused him to lose the entire spring semester. The monetary loss of losing that semester was $25,216.00 in tuition and $563.50 in student fees;

(b)    Upon transferring to another college, Defendant lost numerous credits which would not transfer for an additional loss of approximately $30,000;

(c)    At HWS, Defendant had been awarded a performing arts scholarship in music of $6,000 per semester. Defendant's scholarship would have continued through graduation at HWS. Defendant has not been awarded music scholarship funds at his new college;

(d)     At HWS, Defendant had been accepted to study abroad in Brussels, Belgium for the fall 2017 semester. Upon withdrawing from HWS, Defendant lost the $350.00 deposit required to participate in the study abroad program;

(e)     Defendant was forced to hire legal counsel to defend him in connection with the Title IX investigation commenced because of Plaintiff's false accusations; and

(f)     The mental anguish caused by Plaintiff's false accusations required Defendant to see a therapist at a cost of $250.00 per 45 minute session.

175.    As a result of Plaintiff's false and defamatory accusations, Defendant has endured significant mental pain and suffering. Defendant has suffered from depression and has had manic episodes. Defendant's depression has manifested itself in several ways.

176.    For example, Defendant is an accomplished trumpet player who, as noted above, received a scholarship for his musical talents from HWS. Since leaving HWS, Defendant has not played one single note of music. This creative outlet for Defendant has been lost because of the depression he has been forced to endure.

## COUNTERCLAIM

### (Defamation)

177.    Defendant realleges and incorporates all the allegations contained in preceding paragraphs of this Complaint as though fully rewritten herein.

178.    Plaintiff defamed Defendant by falsely telling third parties that Defendant (a) sexually assaulted Plaintiff in October 2016; and (b) stalked and engaged in sexual misconduct at the Beef and Brew on December 4, 2016 ("Plaintiff's Defamatory Allegations").

179.    Plaintiff's Defamatory Allegations include, but are not limited to, verbal statements to third parties, including but not limited to, Susan Lee, HWS' Title IX Coordinator, HWS' hired Title IX investigator, other HWS students, friends and family, that Defendant raped

her and engaged in other criminal conduct.

180.    Plaintiff's Defamatory Allegations were made with the intent to be understood by those that received the allegations that Defendant committed an offense involving moral turpitude that subjected Defendant to potential punishment and therefore imputes the defamatory character of the oral statements.

181.    Plaintiff's Defamatory Allegations were false and were made with actual malice motivated by ill will, intent to deceive, improper motive, and/or an affirmative act to injure Defendant and/or reckless disregard for the truth or falsity of the oral statements.

182.    In the alternative, Plaintiff negligently made the aforementioned false and defamatory statements about Defendant.

183.    The statements recited in paragraphs 166 through 169 were defamatory and slanderous *per se* since they alleged commission of serious crimes including, but not limited to, rape.

184.    Plaintiff's Defamatory Allegations were made with the intent to harm Defendant's future educational and employment opportunities, and his standing and reputation at HWS and in the public at large.

185.    As a direct result of Plaintiff's Defamatory Allegations, the character and reputation of Defendant at HWS and in the community at large was impaired and he suffered and will continue to suffer mental anguish, personal humiliation, and a great loss of reputation.

186.    Plaintiff's conduct detailed above caused Defendant to seek medical help to address ongoing psychological and mental anguish and anxiety.

187.    As a further direct and proximate cause of Plaintiff's Defamatory

Allegations, Defendant has suffered, among other consequences and damages, loss of employment opportunities and/or wages, loss of educational opportunities, reduced future earning capacity, and attorneys' fees.

188.    As a direct and proximate result of Plaintiff's aforesaid conduct, Defendant has suffered and will continue to suffer, severe and extreme emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request Judgment as follows:

(a)    Dismissal of Plaintiff's Complaint in its entirety;

(b)    On the Counterclaim, damages to be determined at trial but in no event less than $75,000 exclusive of punitive damages; and

(c)    for costs and disbursements of this action together with such other and further relief as this court may deem just and proper.

Dated:    New York, New York
November 3, 2017

Yours, etc.,

**MORRISON COHEN LLP**

By: _____
Edward P. Gilbert
909 Third Avenue
New York, New York 10022
(212) 735-8600

*Attorneys for Defendant John Roe*

To:    NESENOFF & MILTENBERG, LLP
Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Gabrielle M. Vinci, Esq.
363 Seventh Avenue, 5th Floor
New York, New York   10001
(212) 736-4500

#7465156 v3 \026387 \0001