

Ira S. Nesenoff
Andrew T. Miltenberg
───────────────
Stuart Bernstein

Barbara H. Trapasso
Ariya M. Waxman
Tara J. Davis
Diana R. Warshow
Gabrielle M. Vinci
Jeffrey S. Berkowitz
Kara L. Gorycki

Philip A. Byler
*Senior Litigation Counsel*
Megan S. Goddard
*Counsel*
Rebecca C. Nunberg
*Counsel*
Marybeth Sydor
*Title IX Consultant*

November 22, 2017

**VIA ELECTRONIC FILING**
Hon. Judge Cathy Seibel
United States District Court
Southern District of New York
300 Quarropas Street, Courtroom 621
White Plains, New York 10601

Re:   **Jane Doe v. John Roe**
       **Index No.: 17-CV-6029 (CS)**

Dear Your Honor:

Please be advised, the undersigned is counsel to Plaintiff Jane Doe ("Plaintiff") with respect to the above referenced matter. Pursuant to Section 2.A. of Your Honor's Individual Practice and Rules, the undersigned respectfully requests a pre-motion conference in connection with Plaintiff's anticipated motion to dismiss Defendant John Roe's ("Defendant" and together with Plaintiff, the "Parties")) counterclaim filed November 3, 2017. (See Dkt. No. 18). In response to Plaintiff's Complaint, Defendant has predominantly denied Plaintiff's allegations and filed a counterclaim against Plaintiff for defamation stemming from her formal complaint of sexual assault to the Parties' prior educational institution, Hobart and Williams Smith Colleges ("HWS"). As outlined below, and as will be detailed more fully in Plaintiff's moving papers, not only is Defendant's counterclaim retaliatory in nature, it is entirely without merit and must be dismissed.

I.    **Plaintiff's Statements Were Privileged**

Defendant predominantly bases his counterclaim on statements Plaintiff made during a formal investigatory process to representatives and investigators at HWS in connection with her official complaint of sexual assault and stalking. Specifically, Defendant alleges that Plaintiff defamed him when she (i) "lodged an official report with HWS" of sexual assault and stalking to HWS' Title IX Coordinator pursuant to HWS' Policy and Procedures for reporting acts of sexual misconduct and (ii) made statements to the investigator hired by HWS during the official, and legally mandated, Title IX investigation.

Public policy "mandates that certain communications, although defamatory, cannot serve as the basis for the imposition of liability in a defamation action." Orenstein v. Figel, 677 F.Supp.2d 706, 709 (S.D.N.Y. 2009). There are two types of privilege recognized under New York State law. The first type, absolute privilege, "exists [w]hen compelling public policy requires that the speaker be immune from suit, such as communication[s] made in judicial proceeding[s] or quasi judicial proceedings…" Orenstein v. Figel, 677 F.Supp.2d at 709-10. The second type, qualified privilege,

NEW YORK   |   363 Seventh Avenue   |   Fifth Floor   |   New York, NY 10001   |   T: 212.736.4500   |   F: 212.736.2260
BOSTON     |   129 Newbury Street    |   Suite 400    |   Boston, MA 02116    |   T: 617.209.2188

Case 7:17-cv-06029-CS   Document 19   Filed 11/22/17   Page 2 of 3



applies "to any person who has a legitimate interest in communicating when [her] communication is made to a person with a corresponding interest." Id.

Here, Plaintiff's statements are subject to absolute privilege as they were made in accordance with a quasi-judicial proceeding. As outlined in Plaintiff's complaint, and as Defendant concedes, Plaintiff lodged an official, formal complaint with HWS' Title IX Office and thereafter participated in the mandatory investigation conducted by HWS. Defendant seemingly takes issue with Plaintiff's complaint and participation in the investigation, and relies on statements Plaintiff made to HWS' Title IX Coordinator and Investigator to support his defamation counterclaim. However, such statements are of the exact type courts intended to protect through the absolute privilege. Indeed, it is well settled that absolute privilege attaches not only at the hearing stage, but to "every step of the proceeding even if it is preliminary and/or investigatory, and irrespective of whether formal charges are ever presented." Cicconi v. McGinn, Smith & Co., Inc., 27 A.D.3d 59, 62 (1st Dep't 2005). See also, Stega v. New York Downtown Hosp., 148 A.D.3d 21, 26 (1st Dep't 2017). Accordingly, Defendant's retaliatory attack on Plaintiff in an effort to punish her for coming forward as a victim of sexual assault cannot, legally and in furtherance of long standing public policy, be allowed to go forward as the statements Defendant takes issue with are subject to absolute privilege. See Bernstein v. Seeman, 593 F.Supp.2d 630, 636 (S.D.N.Y. 2009) (finding that New York law was well settled that statements made in quasi-judicial proceedings are protected by an absolute privilege).

Even if, *arguendo*, Plaintiff's statements are not entitled to absolute privilege, there can be no doubt that they are subject to qualified privilege as they were made in furtherance of an official investigation to individuals who shared a common interest and duty. To briefly re-iterate, Defendant's directly identify statements Plaintiff made to HWS' Title IX Coordinator and retained investigator in connection with her official complaint of sexual assault and stalking. As discussed above, and as will be argued in further detail in Plaintiff's moving papers, qualified privilege applies to any "communication made bona fide upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty … if made to a person having a corresponding interest or duty, although it contained criminating matter which, without this privilege, would be slanderous and actionable." Orenstein, at 710. Such duty or interest need not be a legal one, but rather be a "moral or social duty of imperfect obligation" to afford the communication qualified privilege. Id. Courts have recognized that the standard for qualified privilege is met where statements, such as the ones at issue here, are made "as part of [a] carefully-conducted investigation and disciplinary proceeding that … was required by institutional and federal regulations." Chao v. Mount Sinai Sop., 2010 WL 5222118, at *7 (S.D.N.Y. Dec. 17, 2010). Here, it can hardly be argued that Plaintiff's allegedly defamatory statements are not subject to, at a minimum, qualified privilege, as they were made "as part of [a] carefully-conducted investigation and disciplinary proceeding" pursuant to Title IX's mandates and regulations.

II.   **Defendant's Attempt to Circumvent the Privilege is Facially Deficient**

In the counterclaim, Defendant alleges that Plaintiff made "defamatory allegations" to "other HWS students, friends, and family." To the extent Defendant identifies such third-parties as a means to circumvent the privilege afforded to Plaintiff's statements during the investigation, such

2



an effort is futile. Indeed, Defendant's bare accusation that Plaintiff defamed him to "other HWS students, friends, and family" falls far short of the particularized pleading standard applicable to claims of defamation and is a prime example of the types of conclusory factual allegations repeatedly rejected by courts.

In order to establish his claim for defamation under New York Law, Defendant must allege with specificity "to whom, where, and in what manner" Plaintiff's allegedly defamatory statements were made. See Giuttre v. Maxwell, 165 F.Supp.3d 147, 153 (S.D.N.Y. 2016); See also, Ahmed v. Gelfand, 160 F.Supp.2d 408, 416 (E.D.N.Y. 2001) (finding that in order to plead a claim for defamation, a plaintiff is required to state "the substance of the purported communication, who made the communication, when it was made, and to whom it was communicated"). Indeed, "failure to state the particular person or persons to whom the allegedly slanderous or libelous comments were made as well as the time and manner in which the publications were made warrants dismissal." Id. (quoting Hawkins v. City of New York, No. 99 Civ. 11704 (RWS), 2005 WL 1861855, at *18 (S.D.N.Y. Aug. 4, 2005)). Here, the counterclaim is devoid of any specific information sufficient to meet the requisite pleading standard. Rather, Defendant makes a generalized statement that Plaintiff made allegedly defamatory allegations to "other HWS students, friends, and family" without specifically identifying such persons and without providing any information as to when and where the allegedly defamatory statements were made. Such barebones allegations are insufficient to meet the pleading standard required in claims of defamation under New York law. See Collins v. Travers Fine Jewels, Inc., 2017 WL 1184305, at *4 (S.D.N.Y. Mar. 29, 2017) (dismissing Defendants' counterclaim for defamation for, among other reasons, failing to provide "enough factual allegations concerning publication of the statements to a third party or the context in which the statement was made to provide notice to the plaintiff"). Moreover, Defendant's counterclaim fails to state when Plaintiff's statements were allegedly made to "other HWS students, friends, and family" which further supports dismissal of Defendant's counterclaim. See Collins v. Travers Fine Jewels, Inc., 2017 WL 1184305, at *4 (S.D.N.Y. Mar. 29, 2017) ("A party claiming defamation must plead when the statements were made so that opposing party has an opportunity to assert a defense based on New York's one-year statute of limitations for defamation claims")[1]; Goldman v. Barrett, 2016 WL 5942529, at *9 (S.D.N.Y. Aug. 24, 2016).

Accordingly, based on the foregoing and as will be outlined in further detail in Plaintiff's moving papers, Defendant's counterclaim for defamation should be dismissed.

Respectfully submitted,
NESENOFF & MILTENBERG LLP

By: _____
Gabrielle Vinci, Esq.

CC: Edward Gilbert, Esq. (Via ECF and Electronic Mail)

---

[1] To the extent Defendant plans to rely on facts alleged in Plaintiff's filed complaint, Plaintiff notes that most, if not all, such statement happened before November 3, 2016 and would thus be time-barred.

3