# Morrison Cohen LLP

Edward P. Gilbert
Partner
(212) 735-8675
egilbert@morrisoncohen.com

December 8, 2017

**VIA ECF & EMAIL**

Hon. Cathy Seibel
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York  10601

      Re:    Doe v. Roe
                 Civil Action No. 17-cv-6029

Dear Judge Seibel:

      This Firm represents Defendant John Roe. I write in response to Plaintiff Jane Doe's letter to the Court dated November 22, 2017 (the "November 22 Letter") requesting a pre-motion conference in connection with Plaintiff's proposed motion to dismiss Defendant's counterclaim for defamation.[1] Plaintiff's November 22 Letter argues that Defendant's defamation claim – based upon Plaintiff's numerous false statements made to named representatives of Hobart and William Smith Colleges ("HWS") and other third parties -- should be dismissed because Plaintiff's statements were privileged. As explained more fully below, Plaintiff's defamatory statements are not protected by an absolute or qualified privilege under settled New York law.  Although Plaintiff characterizes Defendant's defamation claim as "retaliatory in nature,"[2] Defendant's claims are anything but retaliatory: New York defamation law protects individuals such as Defendant from false character assaults. Based on his well-pled pleading, Defendant has stated a defamation claim and is therefore entitled to move forward with discovery to prove that Plaintiff's statements were not only false, but fabricated out of malice.

**SUMMARY OF DEFENDANT'S DEFAMATION COUNTERCLAIM**

      In December 2016, Plaintiff, a student at HWS, falsely and maliciously reported to HWS that defendant had sexually assaulted her on campus on the evening of October 29/30, 2016. Defendant did not sexually assault Plaintiff. Although Plaintiff and Defendant engaged in sexual intercourse on the evening of October 29/30, 2016, Plaintiff consented to all sexual contact with Defendant.

      Plaintiff orally lodged a report with HWS Title IX coordinator Susan Lee on December 18, 2016 accusing Defendant of sexual assault. Plaintiff repeated her false accusations multiple times in subsequent interviews with HWS representatives. Plaintiff also falsely reported to HWS that Defendant stalked her in December 2016 and engaged in additional sexual misconduct. Plaintiff's repeated false and malicious statements constitute defamation *per se* and were made with the clear intent to harm Defendant.

---

[1]     *See* ECF Doc. No. 18.

[2]     Plaintiff's November 22, 2017 Letter to the Court at p.1 (ECF Doc. No. 19)

Hon. Cathy Seibel
December 8, 2017
Page 2

### PLAINTIFF'S STATEMENTS ARE NOT PROTECTED BY PRIVILEGE

"A privileged communication is one which, but for the occasion on which it is uttered, would be defamatory and actionable." *Park Knoll Assocs. v. Schmidt*, 59 N.Y.2d 205, 208, 464 N.Y.S.2d 424, 426 (1983). "The privilege may be either absolute or conditional depending on the occasion and the position or status of the speaker. The difference is in the degree of protection afforded the speaker. If the privilege is absolute, it confers immunity from liability regardless of motive. If it is conditional or qualified, it can be lost by plaintiff's proof that defendant acted out of malice." *Id.* at 208-209, 426.

"Absolute privilege is based upon the personal position or status of the speaker and is limited to the speaker's official participation in the processes of government." *Park Knoll Assocs.*, 59 N.Y.2d at 209, 464 N.Y.S.2d at 426; *Toker v. Pollak*, 44 N.Y.2d 211, 219, 405 N.Y.S.2d 1, 4 (1978) (finding no absolute privilege afforded to the reporting of a crime to a law enforcement officer such as a police officer or an assistant district attorney). "As a matter of policy, the courts confine absolute privilege to a very few situations." *Park Knoll Assocs.*, 59 N.Y.2d at 210, 464 N.Y.S.2d at 427. The circumstances presented here are not one of those limited situations. Indeed, Plaintiff does not cite one case -- because she cannot -- that affords absolute immunity made in connection with a Title IX investigation conducted by a school. There is no legal basis to extend absolute privilege to the circumstances presented here. Indeed, to do so would present a dangerous precedent by cloaking entirely false communications with absolute immunity.

Plaintiff's qualified privilege argument also fails for two independent reasons. First, a privilege is an affirmative defense which must be pled in response to a pleading and then properly proved. *Giuffre v. Maxwell*, 165 F. Supp. 3d 147 (S.D.N.Y. 2016); *Kroemer v. Tantillo*, 270 A.D.2d 810, 810, 706 N.Y.S.2d 538, 539 (4th Dep't 2000). Thus, as an initial matter, under both federal and New York law, determining whether a qualified privilege applies is premature and should not be decided on a motion to dismiss. Second, under New York law, a qualified privilege may only exist where statements are made, without malice, in furtherance of a common interest. *Giuffre*, 165 F. Supp. 3d at 155. "There is no qualified privilege under New York law when such statements are spoken with malice, knowledge of their falsity, or reckless disregard for the truth." *Id.* Here, Plaintiff's attempts to fit her defamatory statements within the parameters of a qualified privilege must be rejected because the Plaintiff made the statements with malice, knowing they were false. The fact that at least some of her defamatory statements were made within the context of HWS' Title IX investigation is of no moment. *See Routh v. University of Rochester*, 981 F. Supp. 2d 184 (W.D.N.Y. 2013) (denying motion to dismiss defamation claim based on privilege defense where defendant is alleged to have falsely accused plaintiff of rape in connection with a Title IX investigation conducted by the University of Rochester).

### DEFENDANT HAS PROPERLY PLED A DEFAMATION CLAIM

As a fallback argument, Plaintiff attempts to raise alleged technical deficiencies in Defendant's counterclaim. These arguments, too, are without merit. Defendant has pled every element for a cause of action under New York law: "(1) a false statement about the plaintiff; (2) published to a third party without authorization or privilege; (3) through fault amounting to at least negligence on part of the publisher; (4) that either constitutes defamation *per se* or caused 'special

damages.'" *Routh*, 981 F. Supp. 2d at 212; *Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp. 2d 188, 192 (S.D.N.Y. 2009). A statement falsely accusing someone of rape is defamation *per se*. See *TC v. Valley Cent. School Dist.*, 777 F. Supp. 2d 577, 603 (S.D.N.Y. 2011).

Under Rule 8 of the Federal Rules of Civil Procedure, a party need not plead a defamation claim in considerable detail, but must concisely state the basis of his claim. *See* Fed. R. Civ. P. 8(a); *Broome v. Biondi*, No. 96 Civ. 0805, 1997 U.S. Dist. LEXIS 1431, at *6 (S.D.N.Y. Feb. 10, 1997). As a practical matter, each pleading must be specific enough to "afford defendant sufficient notice of the communications complained of to enable him to defend himself." *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986). As applied to defamation claims, this requires a party to merely state the substance of the purported communication, who made the communication, when it was made, and to whom it was communicated. *Broome*, 1997 U.S. Dist. LEXIS 1431 at *7-8.

Defendant has met every requirement in his counterclaim. Defendant alleges that Plaintiff orally lodged an official report with HWS Title IX coordinator Susan Lee on December 18, 2016 falsely accusing Defendant of sexual assault. Defendant also alleged that on subsequent occasions, including an interview conducted by Skype on December 23, 2016 with HWS' hired investigator and a follow-up interview with that investigator conducted March 9, 2017, Plaintiff orally alleged to HWS that defendant sexually assaulted and raped her on the evening of October 29/30, 2016 and stalked her and made inappropriate sexual contact with her at a bar on December 4, 2016. Plaintiffs repeated false statements were made with unequivocal malice and certainly with a "high degree of awareness of their probable falsity." *Liberman v. Gelstein*, 80 N.Y.2d 429, 438, 590 N.Y.S.2d 857, 863 (1992) (malice standard is met where plaintiff demonstrates that the statements were made with a high degree of awareness of their probable falsity).

Plaintiff's November 22 Letter makes much of the fact that Defendant's counterclaim makes reference to "other HWS students, friends and family" to whom, upon information and belief, Plaintiff also made malicious false statements to regarding Defendant. At this time, Defendant's defamation claim is not based on those statements; however, those statements are relevant to the case and further demonstrate the ill will and spite Plaintiff repeatedly exhibited toward Defendant.

In sum, Defendant has set forth a well pled claim for defamation and, should the court permit Plaintiff to file a motion to dismiss, Defendant will vigorously oppose such a motion.

Respectfully,

Edward P. Gilbert

cc: Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Gabriele M. Vinci, Esq.