```
1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2
    ---------------------------------------x
3   JANE DOE,

4                          Plaintiff,

5                                   Case No.  7:17-cv-06029-CS
         -vs-
6
    JOHN ROE,
7
                           Defendant.
8
    ---------------------------------------x
9
                                    United States Courthouse
10                                  White Plains, NY
                                    December 15, 2017
11                                  10:58 a.m.

12
    Before:
13            HONORABLE CATHY SEIBEL

14                  District Judge

15

16  APPEARANCES

17  NESENOFF & MILTENBERG, LLP
    GABRIELLE VINCI, ESQ.
18  Attorneys for the Plaintiff

19  MORRISON COHEN, LLP
    EDWARD PAUL GILBERT, ESQ.
20  Attorney for Defendant

21

22

23

24

25
```

1  THE CLERK: All rise. The Honorable Cathy Seibel
2 presiding. Doe v. Roe.
3  THE COURT: Good morning, is it Ms. Vinci?
4  MS. VINCI: Yes, Your Honor. Good morning.
5  THE COURT: Good morning.
6  And Mr. Gilbert?
7  MR. GILBERT: Good morning, Your Honor.
8  THE COURT: Everyone can have a seat.
9  I have Ms. Vinci's November 22nd letter about the motion
10 plaintiff wants to make to dismiss the counterclaims, and I have
11 Mr. Gilbert's December 8th letter in response. It looks like
12 you played games with the font to get it onto three pages. That
13 kind of defeats the purpose of the three-page limit or maybe my
14 eyes are just going.
15  I am going to do in this case what I do in every case,
16 which is give the non-moving party the opportunity to amend if
17 it would like, now that he knows what the plaintiff's arguments
18 are going to be; and then barring anything extraordinary, there
19 won't be another opportunity to amend, but with the
20 clarification in Mr. Gilbert's letter that the claim is not
21 based on comments to friends or family or whatever, but it's
22 just based on the specific comments, specific statements that
23 are laid out in pretty good detail.
24  It seems to me, the only issue now is going to be
25 privilege, and I take it, because you didn't mention any, that

1   there aren't any cases that extend the absolute privilege to
2   this sort of proceeding.  Am I right about that?
3        MS. VINCI:  At the time we have not found any, Your Honor.
4        THE COURT:  And the qualified privilege, as Mr. Gilbert
5   represents, and I think he is right, that there -- it doesn't
6   apply to maliciously made or knowingly false statements, and
7   he's alleged that her statements are knowingly false.  So I
8   don't know how I can resolve that on a motion to dismiss; maybe
9   not even on a motion for summary judgment.
10       I am not telling you not to make the motion.  You can do
11  whatever you want.  I am just -- I am not sure it's something --
12  it's relief that I can grant at this stage, but the -- actually,
13  let me look again.  I know he says the allegations -- I know he
14  says that what she says is false.  I don't know whether he has
15  really alleged that it's knowingly false.  If they were both
16  that drunk, it's hard to -- it's hard to know what to make of
17  the situation except that they are not in agreement on whether
18  there was consent, which is what this is all going to come down
19  to.  This is, obviously, two sets of claims sort of rise or fall
20  together.  If the jury believes that this was a rape, then the
21  statements weren't false.
22       But I will let you make the motion.  I don't see any reason
23  why discovery shouldn't go forward at the same time.  So maybe
24  you want to save a few shekels and just make this motion as part
25  of summary judgment because it's not going to affect the

```
 1  discovery either way, but -- and it may be that we are at
 2  summary judgment before I even get around to deciding it, but I
 3  am not telling you you can't make the motion.
 4       Let me first ask you, Mr. Gilbert:  Do you want to amend or
 5  consider amending the counterclaims before the motion is made?
 6       MR. GILBERT:  I do not, Your Honor.
 7       THE COURT:  All right.
 8       Because if I grant it, and then you want to amend after, I
 9  am probably going to say no if it's on an issue that's already
10  been flagged.  All right.
11       Then assuming you are going to go ahead and make the
12  motion, Ms. Vinci, when are you going to make it?
13       MS. VINCI:  If I could have -- given the intervening
14  holidays -- if I could have 30 days to make the motion?
15       THE COURT:  Yes.  That's fine.  Let's see, January 15th is
16  a holiday.  So let's make it January 16th.
17       And do you want the same 30 days for your opposition,
18  Mr. Gilbert?
19       MR. GILBERT:  Please, Your Honor.
20       THE COURT:  That would take you to -- let's see --
21  February 15th?
22       And two weeks for a reply?
23       MS. VINCI:  That's fine, Your Honor.
24       THE COURT:  All right.  Which would be March 1.  All right.
25       But if you decide, you know, it's not worth killing the
```

```
 1   trees at this stage, and you want to wait until summary
 2   judgment, obviously, that will be fine with me.  At least we
 3   have gotten somewhere in that the basis for the counterclaim has
 4   been narrowed.
 5        Off the record a second.
 6        (Discussion off the record.)
 7        MR. GILBERT:  Your Honor, if I could bring up one
 8   additional issue that's popped up in the last couple of weeks?
 9        THE COURT:  Okay.
10        MR. GILBERT:  This past week the New York Times ran an
11   extensive article on Title IX and plaintiff's counsel, Andrew
12   Miltenberg.  This case was a big part of that article.  In
13   connection with the Times article there was references to
14   potential evidence in this case that I view the admissibility of
15   that potential evidence at best questionable.  In the hopes of,
16   and for whatever it's worth, Your Honor, Mr. Miltenberg makes
17   reference to a diary that the plaintiff kept.  I have not yet
18   seen this diary, nor have I asked for it so far in discovery
19   that I have lodged a couple of weeks ago.
20        I would just maybe ask if I could ask the Court to maybe
21   direct plaintiff's counsel to not make references to evidence,
22   the admissibility of which is certainly questionable at best.
23        THE COURT:  Well, I am more concerned with the discovery
24   issue.  I mean, if there is something that your client is going
25   to rely on that hasn't been turned over, under Rule 26, it
```

```
 1  should be turned over.
 2         MR. GILBERT:  To clarify, Your Honor, it's not due yet.  I
 3  just served my discovery a couple weeks ago.
 4         THE COURT:  Well, Rule 26 is, you know, self -- I forget
 5  what the word is -- self-enforcing.  You are supposed to -- if
 6  you are going to rely on it, you are supposed to volunteer it;
 7  but if you have asked for it, then, obviously, it should be made
 8  available.
 9         I am not going to order somebody not to speak to the press.
10  That raises all sorts of First Amendment issues that I don't see
11  a need to get into.  If we get close to trial, and there is a
12  lot of publicity, I will reconsider; but I have to confess,
13  either I didn't notice the article or I didn't connect it up to
14  this case, but the chance of some juror a year or two --
15  hopefully a year from now -- remembering an article like that,
16  and that there is a diary, would be pretty slim.  Seems to me, I
17  don't know what it says, obviously, but stuff like that can come
18  in to rebut a charge of recent fabrication if it can be
19  authenticated.  So I don't rule out that it could be admissible
20  in limited circumstances.
21         But I don't think we are close enough to a time when we
22  have to worry about jury pool that I can take the extraordinary
23  step of gagging a lawyer.
24         Obviously, he can't say anything that's not true, but
25  that's not because of me.  That's because of his professional
```

1  obligations.
2       Your client is planning to turn that over, I assume?
3       MS. VINCI:  Yes.  Of course, Your Honor.
4       THE COURT:  All right.  Anything else we should do now?
5       MS. VINCI:  Nothing from the plaintiff, Your Honor.
6       MR. GILBERT:  No, Your Honor.
7       THE COURT:  All right.  Thanks very much.  Have a good
8  weekend.
9       MS. VINCI:  Thank you.  You, too.
10      MR. GILBERT:  Thank you.
11      (Time noted:  11:10 a.m.)